IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO.: 3:22-cv-490

| | |
|---|---|
| DUALBOOT PARTNERS, LLC, ) | |
| Plaintiff ) | |
| ) | DEFENDANT'S ANSWER TO |
| v. ) | COMPLAINT |
| ) | |
| PRESS SPORTS APP, INC., ) | |
| Defendant ) | |

NOW COMES Press Sports App, Inc. ("Defendant" or "Press Sports"), by and through its undersigned counsel and answers Plaintiff's Complaint as follows:

Each and every allegation of the Complaint not specifically admitted herein is denied. To the extent any allegation or part thereof may not be expressly referred to and specifically answered, it is hereby denied and legal proof thereof is requested.

**VENUE AND JURISDICTION**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and the same are hereby denied.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains a conclusion of law to which no response is required. To the extent a response is required, Defendant denies Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains a conclusion of law to which no response is required. To the extent a response is required, Defendant denies Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains a conclusion of law to which no response is required. To the extent a response is required, Defendant denies Paragraph 5 of the Complaint.

## CAUSE OF ACTION: BREACH OF CONTRACT

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits that on or about October 21, 2021, Dualboot and Press Sports entered into a written "Simple Agreement for Future Equity" ("SAFE"). A copy of the MSA, SOW, and SAFE referenced in Paragraphs 6, 7, and 8 of the Complaint and identified collectively as the "Agreement" are attached hereto as Exhibit "A."

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains a conclusion of law to which no response is required. To the extent a response is required, Defendant admits Paragraph 10 of the Complaint, upon information and belief.

11. Paragraph 11 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 11 differ from the contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 14 differ from the contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 15 differ from the contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 15 of the Complaint including that Defendant added significant items to the scope that were not part of the initial budget.

16. Paragraph 16 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 16 differ from the contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 17 differ from the contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 18 differ from the contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 19 differ from the contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20. Defendant admits the allegations of Paragraph 20, upon information and belief.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and the same are hereby denied.

22. Defendant denies the allegations of Paragraph 22 of the Complaint.

23. Defendant admits that Plaintiff recommended a rebuild of Press Sports application. Except as expressly admitted, all remaining allegations of Paragraph 23 of the Complaint are denied.

24. Defendant is unable to admit or deny the allegations in Paragraph 24 of the Complaint, because they are vague as stated.

25. Defendant admits that Plaintiff invoiced Defendant in the amount of $18,937.50 on December 10, 2021. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 25 of the Complaint which are therefore denied.

26. Defendant admits the allegations of Paragraph 26 of the Complaint.

27. Defendant admits that changes were made to the scope of the project throughout the relationship of the parties as is typical of projects of this nature. Except as expressly admitted, all remaining allegations of Paragraph 27 of the Complaint are denied.

28. Defendant admits that Plaintiff invoiced Defendant in the amount of $51,974.46 on January 11, 2022, which consisted of $41,579.57 in cash and $10,394.89 in deferred compensation, Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 28 of the Complaint which are therefore denied.

29. Defendant admits the allegations of Paragraph 29 of the Complaint.

30. Defendant admits the allegations of Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 31 differ from the

contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

32. Defendant admits that Plaintiff invoiced Defendant in the amount of $54,958.85 on February 8, 2022, which consisted of $43,967.08 in cash and $10,991.77 in deferred compensation, Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 32 of the Complaint which are therefore denied.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant admits the allegations of Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 35 differ from the contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 36 differ from the contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 36 of the Complaint.

37. Defendant admits that Plaintiff initially agreed to a March, 2022, delivery date.

38. Defendant admits that Plaintiff told Defendant that Divier Martinez had been promoted and that he was being was later told that Divier Martinez had

been moved to another project as an individual contributor rather than being promoted.

39. Defendant admits that Plaintiff invoiced Defendant in the amount of $51,482.34 on March 10, 2022, which consisted of $41,185.87 in cash and $10,296.47 in deferred compensation, Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 39 of the Complaint which are therefore denied.

40. Defendant admits the allegations of Paragraph 40 the Complaint.

41. Defendant admits that the discount was not required. Except as expressly admitted, the remaining allegations of Paragraph 41 of the Complaint are denied.

42. Defendant admits the allegations of Paragraph 42 of the Complaint.

43. Defendant admits that Plaintiff provided a 25-minute demonstration on March 1, 2022. Defendant denies that Plaintiff produced any deliverable or usable product for Defendant. Except as expressly admitted, the remaining allegations of Paragraph 43 of the Complaint are denied.

44. Defendant denies the allegations of Paragraph 44 of the Complaint or the implication that it believed Plaintiff was doing a great job in March of 2022.

45. Defendant admits that Plaintiff invoiced Defendant in the amount of $83,655.00 on April 13, 2022, which consisted of $66,924.00 in cash and $16,731.00 in deferred compensation, Defendant lacks sufficient knowledge or information to

admit or deny the remaining allegations of Paragraph 45 of the Complaint which are therefore denied.

46. Defendant admits the allegations of Paragraph 46 of the Complaint.

47. Defendant admits that the discount was not required. Except as expressly admitted, the remaining allegations of Paragraph 47 of the Complaint are denied.

48. Paragraph 48 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 48 differ from the contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 48 of the Complaint.

49. Defendant admits the allegations of Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 50 differ from the contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 55 differ from the

contents of that document, they are denied. By way of further response, Defendant states that if this statement was made, it was with respect to the video editing work. Defendant denies the remaining allegations in Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 56 differ from the contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 57 differ from the contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 57 of the Complaint.

58. Defendant admits that Plaintiff invoiced Defendant in the amount of $77,912.50 on May 10, 2022, which consisted of $62,330.00 in cash and $15,582.00 in deferred compensation, Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 58 of the Complaint which are therefore denied.

59. Defendant admits the allegations of Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 60 differ from the contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 61 differ from the contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations of Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 63 differ from the contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint references a document which is the best evidence of its contents. To the extent the allegations of Paragraph 64 differ from the contents of that document, they are denied. Defendant denies the remaining allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations of Paragraph 65 of the Complaint.

66. Defendant denies the allegations of Paragraph 66 of the Complaint.

67. Defendant denies the allegations of Paragraph 67 of the Complaint.

68. Defendant admits that Plaintiff invoiced Defendant in the amount of $21,775.00 on June 9, 2022, which consisted of $21,775.00 in cash and $17,420.00 in deferred compensation, Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 68 of the Complaint which are therefore denied.

69. Defendant denies the allegations of Paragraph 69 of the Complaint.

70. Defendant denies the allegations of Paragraph 70 of the Complaint.

71. Defendant denies the allegations of Paragraph 71 of the Complaint.

## JURY TRIAL DEMAND

Press Sports requests a jury trial.

## PRAYER FOR RELIEF

Press Sports denies all the allegation and demands contained in Plaintiff's prayer for relief. Press Sport denies that Plaintiff is entitled to any requested relief. Press Sports denies any remaining allegations not already admitted.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

For purposes of preserving the defense should developments in the law or an appeal warrant its assertion, Defendant asserts that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Each purported cause of action is barred, in whole or in part, by the equitable doctrine of unclean hands inasmuch as Plaintiff has engaged in improper conduct connected to the matters alleged in the Complaint. Similarly, one or more of Plaintiff's claims, or portions thereof, is barred by the doctrine of laches, waiver, and/or estoppel.

## THIRD DEFENSE

Any award of damages to Plaintiff should be limited, offset, or precluded based on Plaintiff's breach of the Agreement.

## FOURTH DEFENSE

Without admitting liability or any right of Plaintiff to recover any damages against Defendant, and without waiving the other defenses stated herein, Defendant affirmatively pleads that Plaintiff failed to mitigate its alleged damages.

## FIFTH DEFENSE

Plaintiff's claim and alleged claim for damages is barred in whole or in part by the doctrine of unconscionability.

## SIXTH DEFENSE

Plaintiff's claim and alleged claim for damages is barred in whole or in part by its breach of the Agreement and failure to perform as promised.

## SEVENTH DEFENSE

Plaintiff's claim and alleged claim for damages is barred in whole or in part by the non-occurrence of a condition precedent.

## Prayer for Relief

1. That Plaintiff have and recover nothing and that the Complaint be dismissed with prejudice.

2. That the costs of this action, including Defendant's reasonable attorneys' fees and costs be taxed against Plaintiff.

3. That Defendant have a trial by jury on all issues so triable.

4. For such other and further relief as to the Court seems just and proper and the nature of the case demands.

Respectfully submitted this the 21st day of September, 2022.

/s/ *Hayley R. Wells*
Hayley R. Wells
N.C. State Bar I.D. No.: 38465
email: docket@wardandsmith.com*
email: hrw@wardandsmith.com**
For the firm of
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC 28802-2020
Telephone: 828.348.6070
Facsimile: 828.348.6077
Attorneys for Defendant, Press Sports App, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on September 21st, 2022, I electronically filed the foregoing DEFENDANT'S ANSWER TO COMPLAINT with the Clerk of the Court using the CM/ECF system and I hereby Certify that I have mailed the document to the following non CM/ECF participants:

    Eric Spengler
    Spengler & Agans, PLLC
    352 N. Caswell Road
    Charlotte, North Carolina  28204
    Counsel for Plaintiff, Dualboot Partners, LLC

    */s/ Hayley R. Wells*
    N.C. State Bar I.D. No.:  38465
    email:  docket@wardandsmith.com*
    email:  hrw@wardandsmith.com**
    For the firm of
    Ward and Smith, P.A.
    Post Office Box 2020
    Asheville, NC  28802-2020
    Telephone:  828.348.6070
    Facsimile:  828.348.6077
    Attorneys for Defendant, Press Sports App, Inc.

*This email address must be used in order to effectuate service under the Federal Rules of Civil Procedure.

** Email address to be used for all communications other than service.

ND:4861-7485-7523, v. 1